IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK ADRIAN JOHNSON (BOP Register No. 36454-177), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-1379-B-BN |
| VOLUNTEERS OF AMERICA, ET AL., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

**Applicable Background**

Petitioner Derrick Johnson filed an application for writ of habeas corpus under 28 U.S.C. § 2241, challenging his confinement in a Volunteers of America halfway house located in Hutchins, Texas, within the Dallas Division of the Northern District of Texas. *See* Dkt. No. 3. Johnson complied with the Court's initial notice of deficiency [Dkt. No. 4], which required that he file an amended petition on the proper form and either pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* ("IFP"),

explaining why he cannot afford to pay the filing fee, *see* Dkt. Nos. 5 & 6.

But his IFP motion as submitted failed to provide "sufficient information to determine whether IFP status is appropriate. The certificate of inmate trust account must be completed and verified (signed) by an official at the institution having custody of Petitioner, or Petitioner must explain (1) why a certificate cannot be obtained and (2) <u>why he cannot pay the $5.00 filing fee</u>." Dkt. No. 8 (emphasis in original). This, the Court's second, notice of deficiency required Johnson to submit a proper IFP motion no later than August 8, 2016, *see id.*, and, like the initial notice of deficiency, warned Johnson that "[f]ailure to comply with this order will result in a recommendation that the petition be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)," *id.*

The second notice of deficiency was returned to the Court as undeliverable on July 28, 2016. *See* Dkt. No. 8.

As of today, it is more than three months past the deadline for Johnson to comply with the Court's order, and he has yet to comply or otherwise contact the Court.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure

to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's order as to his insufficient IFP motion, and by not updating his mailing address, Johnson has prevented this action from

proceeding, leaving the impression that he no longer wishes to pursue relief under Section 2241. He therefore has failed to prosecute his lawsuit and obey the Court's orders.

"[A]s this Court has observed more than once, '[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.'" *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016), *rec. adopted*, 2016 WL 320644 (N.D. Tex. Jan. 27, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D.Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)).

A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Johnson decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE